**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YULEX BARKER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., and JACQUELINE REIS-OTERO individually and JOHN DOE(S) 1-5<br><br>    Defendants. | Civil Action No. 23-3065 (SDW)(LDW)<br><br>**OPINION**<br><br>February 1, 2024 |

**WIGENTON**, District Judge.

Before this Court is Defendants United Airlines, Inc. ("United") and Jacqueline Reis-Otero's ("Reis-Otero") (collectively, "Defendants") Motion to Dismiss ("Motion") (D.E. 6) Plaintiff Yulex Barker's ("Plaintiff") Complaint (D.E. 1-1) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1367. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated below, the Defendants' Motion is **GRANTED**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

 **A. Plaintiff's Employment with United**

Plaintiff, an African American woman over the age of forty, was employed by United for over twenty-two years in various roles of customer service. (D.E. 1-1 ¶¶ 3, 9, 29.) Her most recent employment was as a Team Leader for the "United Club" at the United Airlines terminal at Newark Airport. (*Id.* ¶ 9.) During the COVID-19 pandemic, United implemented a company-wide furlough and advised Plaintiff that attendance policies would be "relaxed" during the pandemic

1

"due to the stress and strain the pandemic had on the lives of all employees." (*Id*. ¶ 11.) At the same time, Plaintiff required limited time out of work for multiple reasons, including her health issues caused by cystic fibrosis and caring for her daughter at home. (*Id*. ¶¶ 4, 10, 12.)

Despite having to deal with severe health issues and being told that the work attendance policies were "relaxed," Plaintiff was accused of "poor work attendance" and stealing company time. (*Id*. ¶¶ 13–14.) As a result, Plaintiff allegedly suffered significant stress and filed a grievance with the company to dispute the allegations. (*Id*. ¶¶ 15–16, 37.)

Plaintiff alleges that, in retaliation for her filing a grievance, Reis-Otero and other employees intentionally disclosed Plaintiff's private medical records, without her consent, to other employees via email. (*Id*. ¶¶ 17, 42.) Afterwards, Reis-Otero informed Plaintiff that she was being terminated from United. (*Id*. ¶ 20.) Plaintiff was replaced by an employee more than ten years younger than her. (*Id*. ¶ 30.)

### B. Procedural History

On or about April 26, 2023, Plaintiff filed a Complaint against United and Reis-Otero in the Superior Court of New Jersey, Law Division, Essex County. (*Id.* at 16–17.) On June 5, 2023, Defendants removed the case to this Court. (D.E. 1.) Defendants filed the instant Motion on June 26, 2023 and the parties completed briefing.[1] (D.E. 6.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp.*

---

[1] Plaintiff's counsel did not timely file an opposition brief, missing the deadline by four days. (D.E. 15, 16.)

*v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a showing, rather than a blanket assertion, of an entitlement to relief" (internal quotation marks and citation omitted)).

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). A court, however, need not accept as true allegations that are "recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." (citation omitted)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## III.   DISCUSSION

Plaintiff brings claims for various violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12 and common law, including, discrimination based on disability and age under the NJLAD (Counts I and II); wrongful discharge in violation of public policy (Count III); invasion of privacy (Count IV); negligence (Count V); breach of contract (Count VI); breach of implied covenant of good faith and fair dealing (Count VII); and intentional infliction of emotional distress ("IIED") (Count VIII). Plaintiff seeks to recover

damages, including compensatory, liquidated, and punitive damages, and all other relief this Court deems appropriate.  (*See* D.E. 1-1.)  This Court will address each of Plaintiff's claims in turn.

### A. Disability and Age Discrimination Claims under NJLAD (Counts I and II)

Plaintiff alleges that Defendants terminated her on the basis of her disability and age in violation of the NJLAD.  Because Plaintiff has failed to sufficiently plead a discrimination claim, Counts I and II will be dismissed.

The NJLAD prohibits employment discrimination based on protected characteristics including disability and age. N.J. Stat. Ann. § 10:5-12.  New Jersey courts have adopted the three-step burden shifting analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) "'as a starting point' for analysis of claims under the NJLAD." *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 300 (3d Cir. 2004) (quoting *Bergen Com. Bank v. Sisler*, 723 A.2d 944, 955 (N.J. 1999)).

The three-step *McDonnell Douglas* analysis proceeds as follows.  First, a plaintiff must establish a *prima facie* case of discrimination.  *Id.* at 300.  If a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the adverse employment action.  *Id*.  Finally, if the defendant meets its burden, the burden shifts back to the plaintiff to prove, by a preponderance of the evidence, that the articulated reason was a mere pretext for discrimination.  *See id.*

#### i.  Disability discrimination (Count I)

To state a *prima facie* claim for disability discrimination, Plaintiff must show she:  (1) was disabled; (2) was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) suffered an otherwise adverse employment

decision as a result of discrimination. *Joseph v. N.J. Transit Rail Operations Inc.*, 586 F. App'x 890, 892 (3d Cir. 2014) (citing *Victor v. State*, 4 A.3d 126, 145 (N.J. 2010)).

Plaintiff's allegations, taken as true, fall short of establishing a *prima facie* disability claim. The Complaint alleges nothing more than Plaintiff had a "medical disability due to cystic fibrosis" and suffered from "health issues." (D.E. 1-1 ¶¶ 4, 10, 12). As another court in this district has stated, "[e]ven under the very generous and broad scope of the NJLAD, simply having a 'medical condition' does not notify an employer of a disability." *Linder v. McKesson Corp.*, No. 14-1821, 2014 WL 2587501, at *3 (D.N.J. June 10, 2014).

The Complaint fails to allege when Plaintiff was disabled due to cystic fibrosis, whether she was qualified to perform her job functions, what her health issues were, or how United used these unidentified health issues against her as part of her termination. Equally important, the Complaint also does not allege that United hired a similarly qualified individual without a disability as her replacement. *See Taylor v. Lincare, Inc.*, No. 15-6284, 2016 WL 3849852, at *4 (D.N.J. July 15, 2016) (dismissing NJLAD disability discrimination claim where plaintiff "has pled no facts that suggest that he was terminated under circumstances that give rise to an inference of unlawful discrimination"). In sum, Plaintiff's Complaint lacks sufficient facts to create an inference that United knew that she was disabled, or perceived her to be disabled, and terminated her on that basis. Therefore, Count I will be dismissed.

    *ii.    Age discrimination (Count II)*

To establish a *prima facie* case of age discrimination under the NJLAD, Plaintiff must allege that she: "(1) was a member of [a] protected class . . . , (2) was qualified for the position, (3) suffered an adverse employment decision, and (4) ultimately was replaced by a person

sufficiently younger to permit an inference of age discrimination." *Monaco*, 359 F.3d at 300 (citation omitted).

Plaintiff fails to plead her age at the time she was terminated by United. Also missing from the Complaint is the age of the person who was hired to replace Plaintiff. The Supreme Court of New Jersey has clearly stated that to prevail in an age discrimination action under the NJLAD, an employee must "show that [age] played a role in the decision-making process and that it had a determinative influence on the outcome of that process." *Sisler*, 723 A.2d at 953 (citations omitted). Here, the Complaint fails to show that Plaintiff was replaced by a person "sufficiently younger" than her. Plaintiff also does not allege any facts to show that age had a "determinative influence" on the outcome of the process of terminating her and hiring her successor. Thus, the allegations in the Complaint, taken as true, do not permit this Court to draw any reasonable inference of age discrimination.

Second, the Complaint lacks factual allegations to show that Plaintiff was qualified and performing the essential functions of the job. In fact, the Complaint does not even tell this Court what Plaintiff's job duties were other than that she was a "Team Leader" for the "United Club" at the Newark Airport and that she worked at various roles in customer service.

Because the Complaint fails to make a *prima facie* case of age discrimination under the NJLAD, Count II will be dismissed.

   iii. *Individual liability under NJLAD*

Plaintiff also seeks to hold Reis-Otero liable for her termination under the NJLAD. The New Jersey Supreme Court has found that individuals, including supervisors, may be liable under the NJLAD only insofar as they aid or abet an employer's discrimination, and not for their direct acts. *See Cicchetti v. Morris Cnty. Sheriff's Off.*, 947 A.2d 626, 645 (N.J. 2008) ("[I]ndividual

6

liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment can only arise through the 'aiding and abetting' mechanism that applies to 'any person.'" (citing N.J. Stat. Ann. § 10:5-12(e)).

To hold an individual defendant liable as an aider or abettor of employment discrimination under the NJLAD, a plaintiff must show that "(1) the employer whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of her role as part of an overall illegal or tortious activity at the time that she provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation." *O'Shea v. Twp. of Hillside*, No. 20-7027, 2022 WL 17829402, at *5 (D.N.J. Dec. 21, 2022) (brackets and quotation marks omitted).

Plaintiff has not sufficiently pled any elements for an aiding and abetting claim. The only allegations involving Reis-Otero are that she sent an email disclosing Plaintiff's private health information to other employees and informed Plaintiff of United's decision to terminate her. These allegations alone do not give rise to an aiding and abetting claim because they are subject to the same legal deficiencies as Plaintiff's principal NJLAD claims. "A defendant cannot assist in or abet a principal violation unless there is a principal violation." *DeSantis v. N.J. Transit*, No. 14-3578, 2017 WL 5050039, at *11 (D.N.J. Nov. 3, 2017), aff'd, 756 F. App'x 197 (3d Cir. 2019).

Because Plaintiff has not sufficiently pled an aiding and abetting claim, her NJLAD claims against Reis-Otero are dismissed.

### B. Wrongful Discharge (Count III)

In Count III, Plaintiff asserts a claim of wrongful discharge in violation of public policy under *Pierce v. Ortho Pharm. Corp.*, 417 A.2d 505 (N.J. 1980). Plaintiff has failed to sufficiently plead a *Pierce* claim and Count III is thereby dismissed.

In *Pierce*, the New Jersey Supreme Court explained that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy." *Pierce*, 417 A.2d at 512. "To establish a case for common law wrongful discharge, the employee must identify the clear mandate of public policy and that the discharge itself was in violation of that public policy." *Myers v. Advanced Stores Co.*, No. 19-18183, 2020 WL 2744632, at *6 (D.N.J. May 27, 2020) (citing *Tartaglia v. UBS PaineWebber Inc.*, 961 A.2d 1167, 1183 (N.J. 2008)).

Critically, "more is needed than simply the breach of public policy affecting a single person's rights to constitute the breach of a 'clear mandate' of public policy that *Pierce* requires." *Hennessey v. Coastal Eagle Point Oil Co.*, 609 A.2d 11, 19–20 (N.J. 1992). A plaintiff must "prove not only that he or she complained about [an employer's] policy, but that his or her resulting discharge violated a clear mandate of public policy." *Tartaglia*, 961 A.2d at 1184–85. As such, "[i]f an employee does not point to a clear expression of public policy, the court can grant a motion to dismiss or for summary judgment." *Pierce*, 417 A.2d at 513.

As a threshold matter, there is no individual liability for a *Pierce* claim. *See Metzler v. Am. Transp. Grp., L.L.C.*, No. 07-2066, 2008 WL 413311, at *5 (D.N.J. Feb. 13, 2008) ("A plaintiff is only able to maintain a *Pierce* cause of action against his or her employer—not against individual employees." (citing *O'Lone v. N.J. Dep't of Corr.*, 712 A.2d 1177, 1180 (N.J. Super. Ct. App. Div. 1998)). Accordingly, the wrongful discharge claim against Reis-Otero is dismissed with prejudice.

As for United, the Complaint contains not a single allegation that satisfies the requirements of *Pierce* as set forth above. Plaintiff alleges that she filed a grievance with United, but her grievance was filed to dispute allegations of time theft, not to complain about a company policy that is in violation of a clear mandate of public policy. Without citing to a specific policy, statute,

regulation, or judicial decision, Plaintiff's generalized allegation that United "unlawfully terminated [her] for seeking to protect her rights under New Jersey Law" is insufficient to survive a motion to dismiss.  (D.E. 1-1 ¶ 38.)

Without following the requirements of *Pierce*, Plaintiff's wrongful discharge claim fails. Count Three will therefore be dismissed.

### C. Invasion of Privacy, Negligence, and IIED (Counts IV, V, and VIII)

In Counts IV, V, and VIII, Plaintiff asserts common law tort claims against Defendants for improperly disclosing Plaintiff's medical information with other employees in the company without her permission.  Counts IV, V, and VIII will be dismissed on the grounds of statute of limitations and failure to sufficiently state a claim.

*i.     Statute of limitations*

As a threshold matter, Defendants argue that Plaintiff's invasion of privacy, negligence, and IIED claims are barred by the two-year statute of limitations set forth in N.J. Stat. Ann. 2A:14-2.  *See e.g.*, *Smith v. Datla*, 164 A.3d 1110, 1121 (N.J. Super. App. Div. 2017) ("[A] claim for invasion of privacy by public disclosure of private facts is subject to the two-year statute of limitations imposed by N.J. Stat. Ann. 2A:14-2.").  According to Defendants, Plaintiff's common law tort claims are premised on the dissemination of her medical information in an email sent on March 28, 2021 by Reis-Otero, which was attached to Defendants' motion brief.  Thus, Defendants contend, the latest Plaintiff could have brought her common law tort claims was March 28, 2023. Plaintiff did not file her complaint until April 26, 2023.

The Third Circuit has cautioned district courts in the context of considering documents attached to a defendant's Rule 12(b)(6) motion to determine whether the statute of limitations had run.  *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).  In *Skolas*, the Third Circuit stated:

> In this circuit, however, we permit a limitations defense to be raised by a motion under Rule 12(b)(6) only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations. However, if the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).

*Id.* (internal citations, quotation marks, and brackets omitted) (emphasis added).

Here, the statute of limitations bar is not apparent on the face of the Complaint. The Complaint provides no indication as to when Reis-Otero disclosed Plaintiff's medical information to other employees by email. The analysis, however, does not end here.

An exception to the rule stated in *Skolas* is that a "document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (internal quotation marks and citation omitted). "The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here the plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Id.* (internal quotation marks and citation omitted).

Plaintiff makes no attempt to rebut Defendants' statute of limitations argument in her opposition brief. Even more telling, Plaintiff does not dispute that the March 28, 2021 email proffered by Defendants is in fact the email that allegedly disclosed Plaintiff's medical information without her consent. The March 28, 2021 email is a document integral to Plaintiff's tort claims for invasion of privacy, negligence, and IIED, and thus can be considered for purposes of the statute of limitations. Under New Jersey's two-year statute of limitations for torts, Plaintiff's invasion of privacy, negligence, and IIED claims expired on March 28, 2023.

Accordingly, Counts IV, V, and VIII are time-barred. Even if Counts IV, V, and VIII are not time-barred, they will still be dismissed for failure to state a claim as shown below.

### ii. Invasion of privacy (Count IV)

"The tort of invasion of privacy is defined as an intentional intrusion, 'physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns' that 'would be highly offensive to a reasonable person.'" *G.D. v. Kenny*, 15 A.3d 300, 319–20 (N.J. 2011) (quoting *Bisbee v. John C. Conover Agency, Inc.*, 452 A.2d 689, 691 (N.J. Super. Ct. App. Div. 1982)). To establish improper publication of private facts, which is a subset of invasion of privacy, "a plaintiff must show that the matters revealed were actually private, that dissemination of such facts would be offensive to a reasonable person, and that there is no legitimate interest of the public in being apprised of the facts publicized." *Bisbee*, 452 A.2d at 691.

The Complaint merely recites the legal elements and is devoid of any non-conclusory factual allegation that would permit this Court to draw an inference of an invasion of Plaintiff's privacy. For instance, Plaintiff alleges that her medical information was disclosed to other employees, but she does not elaborate on what kind of medical information was at issue. Plaintiff also fails to show that the information allegedly disclosed without her permission was actually private. Similarly, the factual allegations do not suggest that the information disclosed in Reis-Otero's email would be offensive to a reasonable person. Because Plaintiff's claim for invasion of privacy has not been sufficiently pled, Count IV will be dismissed.

### iii. Negligence (Count V) [2]

Plaintiff seeks to hold Defendants liable under a negligence cause of action, alleging that Defendants breached their duty of care under the Health Insurance Portability Accountability Act

---

[2] In Count V, the Complaint alleges that "Defendants breached their duty of care when they intentionally . . . failed to protect Plaintiff's medical information by disclosing it to employees of the company." (D.E. 1-1 ¶ 49.) It is contrary to the very definition of "negligence" to allege that Defendants' conduct was intentional. *See Price v. Phillips*, 218 A.2d 167, 169 (N.J. Super. App. Div. 1966) ("Negligence and intentional are contradictory . . . ; negligence excludes the idea of intentional wrong." (internal quotation marks and citations omitted)).

11

of 1996 ("HIPAA"), 42 U.S.C. §§ 1320(d) *et seq.*, when they intentionally disclosed Plaintiff's medical information as a form of retaliation.[3]

To the extent Plaintiff is asserting a negligence claim based on any HIPAA provisions, the claim will be dismissed because "HIPAA do[es] not provide for a private right of action." *L.S. v. Mount Olive Bd. of Educ.*, 765 F. Supp. 2d 648, 652 (D.N.J. 2011). Even if Plaintiff's negligence claim is not based on HIPAA, it will nevertheless be dismissed for being preempted by the exclusive remedy provision of the New Jersey Workers' Compensation Act ("NJWCA"). *See* N.J. Stat. Ann. § 34:15-8.

The NJWCA provides in pertinent part:

> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.

N.J. Stat. Ann. § 34:15-8. Thus, Plaintiff cannot sue United for negligence. *See Ruggiero v. Eli Lilly & Co.*, No. 19-16206, 2022 WL 17082498, at *8 (D.N.J. Nov. 18, 2022) (dismissing negligent hiring and retention claim as barred by the NJWCA); *Gaines v. United Parcel Serv., Inc.*, No. 13-3709, 2014 WL 1450113, at *7 (D.N.J. Apr. 14, 2014) (dismissing negligence claim alleging breach of employer's duty to use ordinary care to investigate complaints of disability discrimination as barred by the NJWCA). Accordingly, Count V will be dismissed.

    *iv.*    *IIED (Count VIII)*

To state a claim for IIED, Plaintiff must show Defendants' actions were: (1) intentional or reckless; (2) "extreme and outrageous"; (3) "the proximate cause of [P]laintiff's emotional distress"; and (4) that "the emotional distress suffered by the [P]laintiff [is] so severe that no

---

[3] HIPAA's implementing regulations require that "a covered entity [ ] have in place appropriate administrative, technical, and physical safeguards to protect the privacy of protected health information." 45 C.F.R. 164.530(c)(2)(i).

12

reasonable [person] could be expected to endure it." *Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857, 863 (N.J. 1988) (internal citations omitted). Intent requires Defendants to have intended "to do the act and produce emotional distress" or to act "recklessly in deliberate disregard of a high degree of probability that emotional distress would follow." *Id.*

Because Plaintiff's IIED claim is premised on the same set of facts as her invasion of privacy claims, *i.e.*, disclosure of her medical information to other employees without her consent, her claim also fails for insufficient pleading. The allegations in the Complaint, without more, do not rise to the level of extreme and outrageous conduct required for this cause of action, do not show causation, and fail to allege intent or recklessness. As such, Count VIII will be dismissed.

### D. Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing (Counts VI and VII)

In Counts VI and VII, Plaintiff alleges breach of contract and breach of the implied covenant of good faith and fair dealings against Defendants. Because Plaintiff has failed to sufficiently state a breach of contract claim, Counts VI and VII will be dismissed.

#### i.   *Breach of contract (Count VI)*

To establish a breach of contract claim, Plaintiff must show that: "(1) the parties entered into a valid contract, (2) Defendants failed to perform their obligations under the contract, and (3) Plaintiff sustained damages as a result." *Ensey v. Gov't Emps. Ins. Co.*, 663 F. App'x 172, 176 (3d Cir. 2016).

The Complaint is bereft of facts necessary to plead a breach of contract claim. First, the Complaint does not identify any existing contract between Plaintiff and Defendants, much less establish how any contractual provision was breached. Plaintiff alleges that United advised her that attendance policies would be relaxed during the pandemic, but this allegation is insufficient

13

because an employer's "general policies and procedures do not rise to the level of legal contracts." *Gaines*, 2014 WL 1450113, at *10. Even assuming this allegation is true, Plaintiff still fails show that there had been a contract between her and Defendants. Similarly, Plaintiff has not pled any facts to show how Defendants failed to perform their contractual obligations or what those obligations were. Because Plaintiff has failed to state a breach of contract claim, Count VI will be dismissed.

      ii.  *Breach of the implied covenant of good faith and fair dealing (Count VII)*

Plaintiff also alleges that Defendants breached the implied covenant of good faith and fair dealing. Every contract in New Jersey contains an implied covenant of good faith and fair dealing. *See Fields v. Thompson Printing Co.*, 363 F.3d 259, 270 (3d Cir. 2004). This requires both parties to refrain from taking actions that "will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id*. Thus, "[a] party can be held liable for a breach of the implied covenant even if it has not violated an express term of the contract because 'the covenant may fill in the gaps where necessary to give efficacy to the contract as written.'" *Jurista v. Amerinox Processing, Inc*., 492 B.R. 707, 756 (D.N.J. 2013) (quoting *Fields*, 363 F.3d at 271–72) (internal quotation marks omitted).

Plaintiff's claim for a breach of the implied covenant of good faith and fair dealing suffers the same fate as her breach of contract claim. Plaintiff fails to sufficiently allege any facts to show that there was a valid contract between her and Defendants. Absent a valid contract, Plaintiff cannot make out a claim for a breach of the implied covenant of good faith and fair dealing. *See Noye v. Hoffmann-La Roche, Inc*., 570 A.2d 12, 14 (N.J. Super. App. Div. 1990) (holding that in the absence of a contract of employment, whether express or implied, there is no implied covenant of good faith and fair dealing).

Because Plaintiff's breach of contract claim fails for failure to state a claim, so too must this cause of action. *See Schlichtig v. Inacom Corp.*, 271 F. Supp. 2d 597, 606–07 (D.N.J. 2003) ("[B]ecause . . . the terms of this employee manual could not have given rise to an implied contract of employment, it necessarily follows that the manual's provisions do not contain an implied covenant of good faith."). Accordingly, Count VII will be dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion is **GRANTED** as set forth below:

1. Counts I and II (disability and age discrimination claims under NJLAD) against Defendants are dismissed without prejudice.

2. Count III (wrongful discharge) against United is dismissed without prejudice. Insofar as Count III asserts an individual-liability claim against Reis-Otero, it is dismissed with prejudice.

3. Count IV (invasion of privacy) is dismissed with prejudice.

4. Count V (negligence) is dismissed with prejudice.

5. Count VI (breach of contract) is dismissed without prejudice.

6. Count VII (breach of implied good faith and fair dealing) is dismissed without prejudice.

7. Count VIII (IIED) is dismissed with prejudice.

Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

                                               /s/ Susan D. Wigenton
                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
                Parties