**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YULEX BARKER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED AIRLINES, INC. and JOHN DOE(S) 1-5, <br><br> Defendants. | Civil Action No. 23-3065 (SDW) (LDW) <br><br><br> **OPINION** <br><br><br> November 6, 2024 |

**WIGENTON**, District Judge.

Before this Court is Defendant United Airlines, Inc.'s ("Defendant" or "United") Motion to Dismiss ("Motion to Dismiss") (D.E. 41) Plaintiff Yulex Barker's ("Plaintiff") Second Amended Complaint ("SAC") (D.E. 40) pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 12(b)(1), as well as Defendant's Motion to Strike Exhibit B to the SAC ("Motion to Strike") pursuant to Rule 12(f). Jurisdiction is proper pursuant to 28 U.S.C. § 1332.[1] Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1367. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**,

---

[1] In the SAC, Plaintiff alleges subject-matter jurisdiction on the basis of this action "involv[ing] federal questions regarding deprivation of Plaintiff's rights under 42 USC § 1981." (D.E. 40 ¶ 4.) However, there is no federal question or claim, including a § 1981 claim, alleged in the SAC. Plaintiff alleges in the SAC that she is a New Jersey resident and that Defendant is "a foreign for-profit corporation maintaining base operations at Newark Liberty Airport." (*Id.* ¶¶ 1–2.) This Court will rely on Defendant's notice of removal (D.E. 1) and will *sua sponte* take judicial notice of the fact that United is a well-known domestic airline company that is incorporated in Delaware and headquartered in Illinois. *See Wallace v. Media News Grp., Inc.*, 568 F. App'x 121, 123 n.2 (3d Cir. 2014) (taking judicial notice of a corporation's state of incorporation and principal place of business and holding that diversity jurisdiction existed). As this Court is satisfied that the amount-in-controversy exceeds $75,000, this Court has subject-matter jurisdiction to issue this opinion under 28 U.S.C. § 1332.

1

Defendant's Motion to Strike is **DENIED AS MOOT**, and the SAC is **DISMISSED WITH PREJUDICE**.

I. **BACKGROUND AND PROCEDURAL HISTORY**

A. **Plaintiff's Employment with United**

Plaintiff suffers from cystic fibrosis and was employed by United for over twenty-two years in various roles of customer service. (D.E. 40 ¶¶ 7; 9.) Her most recent employment was a Team Leader for the "United Club" at the United Airlines terminal at Newark Airport. (*Id.* ¶ 9.) In 2019, Plaintiff informed United of her disability by submitting medical documentation in support of her request for medical leave. (*Id.* ¶ 14.) Plaintiff was accused of "poor attendance" and stealing company time, apparently as a result of discrepancies in Plaintiff clocking into the parking lot and beginning work. (*Id.* ¶ 26.) Plaintiff filed a grievance with the company to dispute the allegations. (*Id.* ¶¶ 15–16; 29.) Plaintiff alleges that, in retaliation for her filing a grievance, United employees intentionally disclosed Plaintiff's private medical records, without her consent, to other employees via email. (*Id.* ¶ 30.) At some point, Plaintiff was informed that she was being terminated from United. (*Id.* ¶ 31.)

B. **Procedural History**

On or about April 26, 2023, Plaintiff filed a Complaint against United and Jacqueline Reis-Otero in the Superior Court of New Jersey, Law Division, Essex County alleging eight counts related to Plaintiff's termination. (D.E. 1-1.) On June 5, 2023, Defendants removed the case to this Court. (D.E. 1.) On June 26, 2023, Defendants moved to dismiss the original state court complaint and the parties completed briefing. (D.E. 6; 16; 19.) On February 1, 2024, this Court issued an opinion and order granting Defendants' motion to dismiss and giving Plaintiff thirty days to file an amended complaint. (D.E. 22–23.) On March 16, 2024, Plaintiff filed the First Amended

Complaint (D.E. 26), which removed Reis-Otero as a defendant and limited the claims to disability discrimination under the NJLAD (Count One), breach of contract (Count Two), and breach of the implied covenant of good faith and fair dealing (Count Three).  Defendant moved to dismiss the First Amended Complaint on April 1, 2024.  (D.E. 27.)  On May 21, 2024, Plaintiff filed an opposition to the motion to dismiss (D.E. 32) and a cross-motion to file a further amended complaint. (D.E. 33.)  Following a status conference, Magistrate Judge Leda Wettre issued a text order (D.E. 39) permitting Plaintiff to file the SAC and terminating the pending motions.  Plaintiff filed the SAC on June 7, 2024 (D.E. 40), Defendant filed its Motion to Dismiss (D.E. 41) on July 8, 2024, and the parties completed briefing.  (D.E. 43; 44.)

## II. LEGAL STANDARD & DISCUSSION

### A. Count One (NJLAD)

Defendant moves to dismiss Count One of the SAC under Federal Rule of Civil Procedure 12(b)(6).  An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a showing, rather than a blanket assertion, of an entitlement to relief" (internal quotation marks and citation omitted)).

In considering a motion to dismiss pursuant to Rule 12(b)(6), a district court must conduct a three-step analysis.  First, it must "tak[e] note of the elements a plaintiff must plead to state a claim." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (alteration in original) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  Second, the court

3

"disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id.* (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). Third, the court assumes the veracity of all well-pleaded factual allegations, "constru[es] them in the light most favorable to the plaintiff, and draw[s] all reasonable inferences in the plaintiff's favor." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022). "If, after completing this process, the complaint alleges 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements of a claim, then it plausibly pleads a claim." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 556). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

The NJLAD prohibits employment discrimination on the basis of disability or perceived disability. To state a *prima facie* claim for discriminatory discharge under the NJLAD, Plaintiff must show: (1) she was disabled; (2) that she was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation by the employer; (3) that she experienced an adverse employment action; and (4) that the employer sought someone else to perform the same work, or did fill the position with a similarly-qualified person." *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 848 (3d Cir. 2016) (footnote omitted) (citing *Victor v. State*, 4 A.3d 126, 145 (N.J. 2010)). Plaintiff need not allege a *prima facie* case at the pleading stage; the Third Circuit has stated that an NJLAD claim should survive a motion to dismiss as long as the plaintiff pleads "sufficient factual allegations to raise a reasonable expectation that discovery will

4

reveal evidence" of a *prima facie* discrimination claim. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Plaintiff's allegations, taken as true, do not give this Court any plausible indication that discovery would reveal any evidence of a *prima facie* case under the NJLAD. To be certain, Plaintiff has added allegations that show when she became disabled and has provided some details surrounding her termination from employment with Defendant. The key issue is that there simply are no non-conclusory allegations in the SAC regarding any link between Plaintiff's disability and termination. Plaintiff relies on nothing but conjecture and speculation to conclude that "United targeted [Plaintiff] and used her disability as a factor in its determination to terminate her from United." (D.E. 40 ¶ 31.) Plaintiff does not provide nearly enough factual allegations surrounding her termination to survive a motion to dismiss. When was Plaintiff terminated? How was the decision communicated to her? Who made the decision? And, most importantly, what leads Plaintiff to believe that she was terminated due to her disability? These vital questions remain unanswered on the face of the SAC. Plaintiff's allegation that "[a]fter United fired Plaintiff, it sought to hire individuals to replace Plaintiff who were not affected by Plaintiff's disability" (D.E. 40 ¶ 43) is wholly conclusory and afforded no weight in this Court's analysis. Stripped of all conclusory allegations, the SAC simply fails to allege that Plaintiff was terminated for a known disability.[2]

---

[2] The SAC also continues to make vague reference to an email sent out by United "improperly disclosing [Plaintiff's] personal health records and medical condition to the public." (D.E. 40 ¶ 30.) After originally alleging that this email supported her claims of invasion of privacy, negligence, intentional infliction of emotional distress, and wrongful discharge claims, Plaintiff now contends that this email supports a claim under the NJLAD (Id. ¶ 31), although Plaintiff's opposition brief does not explain the precise theory. Regardless, this Court finds the allegation insufficient and irrelevant to its analysis.

Plaintiff also includes John Doe Defendants 1-5 in the SAC. While the parties do not address this issue, this Court finds that their dismissal is warranted as Plaintiff has not adequately alleged a principal violation of the NJLAD. *See DeSantis v. N.J. Transit*, No. 14-3578, 2017 WL 5050039, at *11 (D.N.J. Nov. 3, 2017), *aff'd*, 756 F. App'x 197 (3d Cir. 2019) ("A defendant cannot assist in or abet a principal violation unless there is a principal violation.")

### B. Counts Two and Three (Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing)

Defendant moves to dismiss Plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing claims under Rule 12(b)(1) for lack of subject matter jurisdiction. Specifically, Defendant argues that these two claims are preempted by the Railway Labor Act. Because Plaintiff offers no argument for why these claims should not be dismissed, this portion of the Motion is deemed unopposed. (*See generally* D.E. 43.) Plaintiff's waiver is sufficient grounds on its own to dismiss these claims. *See D.A. v. Finish Line, Inc.*, No. 21-16454, 2022 WL 7989391, at *2 (D.N.J. Oct. 14, 2022) ("[C]ourts in this District have consistently held that the failure to respond to a substantive argument to dismiss a count, when a party otherwise files an opposition, results in a waiver of that count.") (collecting cases). Accordingly, Counts Two and Three are dismissed for lack of subject matter jurisdiction.

### C. Motion to Strike

Defendant moves under Rule 12(f) to strike Exhibit B to the SAC. Exhibit B contains a deposition transcript from a case pending in the Middle District of Florida that Plaintiff contends is relevant to issues in this case. Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to save time and expense through the excision of matter from the pleadings that will not affect the outcome of the case." *Ly Berditchev Corp. v. Truss Cosmetics Corp.*, No. 22-04242, 2023 WL 6307462, at *2 (D.N.J. Sep. 28, 2023) (quoting *Bristol-Myers Squibb Co. v. IVAX Corp.*, 77 F. Supp. 2d 606, 619 (D.N.J. 2000)). Were this case to proceed, this Court agrees with Defendant that Exhibit B would serve no purpose aside from confusing the issues in the case. Because the SAC is being dismissed, however, there is nothing to be gained from this Court striking Exhibit B at this time. Accordingly, Defendant's motion to

strike is denied as moot. *See United States v. Beeman*, No. 09-158, 2010 WL 653062, at *13 (W.D. Pa. Feb. 19, 2010) (dismissing as moot a pending motion to strike where all claims were disposed of), *aff'd*, 388 Fed. App'x. 82 (3d Cir. 2010).

### D. Dismissal with Prejudice

This Court lastly addresses whether the SAC should be dismissed with or without prejudice. Courts may dismiss with prejudice where any future amendment would be "inequitable or futile." *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002) (citations omitted). The operative SAC was filed after Plaintiff received the benefit of reviewing this Court's prior opinion, which specifically discussed the deficiencies in the original pleading. As discussed above, those deficiencies are still present. *See Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510, 2019 WL 2281632, at *4 (D.N.J. May 29, 2019) (dismissing with prejudice because plaintiff had repeatedly failed to correct the same deficiency in his pleading); *see also Moriarty v. Dibuonaventura*, No. 14-2492, 2015 WL 1469515, at *4 (D.N.J. Mar. 30, 2015) ("Plaintiff's Amended Complaint fails to plead plausible claims for relief and fails to cure the deficiencies of the original Complaint. This Court previously identified these deficiencies and gave Plaintiff an opportunity to cure them. Because Plaintiff has, again, failed to plead plausible claims for relief in non-conclusory terms, Plaintiff's claims against [the defendant] will be dismissed with prejudice.") Having reviewed the complaints, this Court is not persuaded that any potential factual allegations can be added to support a viable claim of disability discrimination under the NJLAD and, as discussed above, Defendant's Motion to Dismiss is unopposed with respect to Counts Two and Three. Accordingly, dismissal of all claims with prejudice is appropriate.

### III.     CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED,** Defendant's Motion to Strike is **DENIED AS MOOT**, and the SAC is **DISMISSED WITH PREJUDICE.** An appropriate order follows.

___/s/ Susan D. Wigenton___
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk
cc:      Leda D. Wettre, U.S.M.J.
         Parties