<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

February 21, 2025

John Tatulli
Law Offices of John R. Tatulli
125 Half Mile Road, Suite 200
Red Bank, NJ 07701
*Counsel for Plaintiff Yulex Barker*

Roman Rome
Nukk-Freeman & Cerra, P.C.
26 Main Street, Suite 301
Chatham, NJ 07928
*Counsel for Defendant United Airlines, Inc.*

### <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

  Re: ***Barker v. United Airlines, Inc.***
     **Civil Action No. 23-3065 (SDW) (LDW)**

Counsel:

  Before this Court is Plaintiff Yulex Barker's ("Plaintiff") Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) ("Plaintiff's Motion") and Defendant United Airlines, Inc.'s ("Defendant" or "United") Motion for Sanctions pursuant to Rule 11 ("Defendant's Motion"). For the reasons stated below, Plaintiff's Motion is **DENIED** and Defendant's Motion is **GRANTED**.

<u>**BACKGROUND & PROCEDURAL HISTORY**</u>

  The Court refers to its prior opinion (D.E. 47) for a fuller recitation of the factual background, but notes that this case stems from Plaintiff's termination from employment with United.

  In April 2023, Plaintiff filed a state court claim against United and one of its employees alleging disability discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"). Defendants removed the case and moved to dismiss the complaint. (D.E. 1; 6.) This Court granted the motion to dismiss with leave to file an amended complaint (D.E. 21–22), and Plaintiff subsequently filed the First Amended Complaint (D.E. 26), which added claims for breach of contract and breach of implied covenant of good faith and fair dealing. Defendant moved to

dismiss the First Amended Complaint (D.E. 27), and Plaintiff filed an opposition (D.E. 32) and a motion to file a Second Amended Complaint. (D.E. 33.) Plaintiff was afforded leave to file the Second Amended Complaint and did so on June 7, 2024. (D.E. 40.) Defendant moved to dismiss the Second Amended Complaint (D.E. 41), and this Court granted the motion and dismissed the case with prejudice in an order and opinion dated November 6, 2024. (D.E. 47–48.)

On December 5, 2024, Plaintiff filed the instant Motion to Alter or Amend Judgment (D.E. 49), which Defendant opposed on January 7, 2025. (D.E. 51). In its opposition, Defendant provided an attorney certification indicating that it served Plaintiff with a draft version of its Motion for Sanctions pursuant to Rule 11's safe harbor provision. (D.E. 51-1.) Plaintiff filed a reply on January 22, 2025 (D.E. 56) and, Plaintiff having not withdrawn the motion, Defendant moved for sanctions on January 8, 2025. (D.E. 52.)

**DISCUSSION**

Plaintiff moves to alter this Court's judgment dismissing the case with prejudice pursuant to Rule 59(e), and Defendant moves for sanctions pursuant to Rule 11.

   A. Motion to Alter Judgment

A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must rely on at least one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)); *see also Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677–78 (3d Cir. 1999); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Parties may not use a motion to alter or amend judgment to "relitigate old matters" or present previously available arguments or evidence. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted); *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010).

Plaintiff seeks to have this Court reconsider its ruling dismissing the case with prejudice. This Court found that Plaintiff did not state a claim under the NJLAD and, in its discretion, found that any further amendment of the complaint would be futile and inequitable to Defendant. Plaintiff did not file *any* substantive opposition to Plaintiff's motion to dismiss the contract claims on preemption grounds. Accordingly, this Court dismissed the case with prejudice. *See Petrossian v. Cole*, 613 F. App'x 109, 111–12 (3d Cir. 2015) ("A dismissal with prejudice constitutes an adjudication on the merits 'as fully and completely as if the order had been entered after trial.'") (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972)); *see also Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) ("The doctrine of *res judicata* bars not only claims that were brought in a previous action, but also claims that could have been brought.")

Plaintiff very clearly does not meet the high threshold necessary to sustain a motion to alter judgment. Plaintiff claims that the judgment must be altered because United "intentionally and wrongly terminated Plaintiff in order to prevent her from obtaining her pension benefits." (D.E.

2

49-1 at 9.) The original state court complaint in this case was filed in April 2023. Over nearly two years and three separate complaints, Plaintiff has never mentioned a pension plan or ERISA. Now, after Plaintiff's case was dismissed with prejudice, Plaintiff for the first time asserts that there will be a manifest injustice unless Plaintiff is permitted to proceed on a claim under ERISA. Plaintiff's attempt to alter this Court's judgment to include a new theory of recovery on the same set of facts is improper. Plaintiff does not present any real argument for why the ERISA claim was not included prior, aside from generally asserting that "[t]his information based on the ERISA was not previously available to Plaintiff without the opportunity to conduct discovery." (D.E. 56 at 4.) This argument is demonstrably untrue, as Plaintiff clearly knew at least enough about the claim without any discovery to include it in this motion. Further, as Defendant notes, the ERISA claim is apparently based on a newer version of a collective bargaining agreement that was explicitly referenced in and attached to prior pleadings. (*See* D.E. 40-1.) Any claim that the CBA was newly available evidence fails on that fact alone. *See Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011).

Plaintiff's Motion also continues to argue that the contract claims were properly pled. The core issue with this argument, aside from the fact that it amounts to nothing more than "re-litigat[ing] old matters," *Exxon Shipping Co.*, 554 U.S. at 485 n.5, is that Plaintiff ignores the legal basis on which this Court dismissed the contract claims—preemption under the Railway Labor Act ("RLA"). Plaintiff's opposition did not argue that the claims were not preempted by the RLA and Plaintiff still does not address the issue. Accordingly, there is no basis for altering the judgment.

For the foregoing reasons, Plaintiff's Motion is denied and the case shall remain terminated.

B. <u>Motion for Sanctions</u>

Defendant has moved for sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") on the grounds that Plaintiff's Motion is frivolous and was filed for an improper purpose. Rule 11(b) provides that:

> [b]y presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>   (1) it is not being presented for any improper purpose . . .;
>   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>   (3) the factual contentions have evidentiary support. . .

Fed. R. Civ. P. 11(b)(1) – (3).

Rule 11 imposes on any party who presents "a pleading, motion, or other paper ... an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). Reasonableness for purposes of Rule 11 is defined as an "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citations and internal quotations omitted). Attorneys must conduct a "normally competent level of legal research to support the[ir] presentation." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). Rule 11(c)(4) permits a court to impose sanctions "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c). This Court acknowledges that "Rule 11 sanctions are generally disfavored unless the misconduct by the party and/or attorneys is extraordinary." *Ampro Computers, Inc. v. LXE, LLC*, No. 13-CV-1937-LPS, 2016 WL 3703129, at *3 (D. Del. July 8, 2016). In this circumstance, a nominal monetary sanction is appropriate.

As discussed above, the two arguments put forth in Plaintiff's Motion include adding a claim under ERISA is necessary to prevent manifest injustice and that Plaintiff has stated a claim for breach of contract and implied covenant of good faith and fair dealing. Put very simply, it is difficult for this Court to view these arguments as anything but frivolous.

With respect to ERISA, the Second Amended Complaint was dismissed with prejudice, which precludes any claims arising from the same set of facts (*i.e.* Plaintiff's termination from United). Plaintiff asserts that this claim was not raised earlier because she lacked access to discovery. As noted above, however, this explanation is undermined by the fact that Plaintiff asserted the claim only after the case was dismissed—before any discovery had taken place—and had referenced the collective bargaining agreement in prior pleadings. If discovery was truly necessary to identify this claim, it is unclear how Plaintiff became aware of it only after the case had ended. Plaintiff does not put forth anything to substantiate her claim that she was terminated for the purposes of denying her ERISA payments.

In addition to raising the ERISA claim for the first time, Plaintiff puts forth arguments for why she has alleged breach of contract and implied covenant of good faith claims, but continues to ignore the underlying basis for why this Court dismissed the claims in the first instance. In its motion to dismiss, Defendant dispositively argued that Plaintiff's breach of contract claim is "summarily preempted by the RLA and must be dismissed," and that the fair dealing claim failed as a result. *See* D.E. 41-1 at 25–30. Plaintiff's opposition brief did not even mention the RLA or preemption let alone substantively respond to Defendant's arguments. *See* D.E. 43 at 17–20. Accordingly, this Court deemed the substantive arguments unopposed and granted the motion to dismiss. Importantly, Plaintiff's Motion *still* does not address the reason that the claims were dismissed.

This Court's final task is determining the appropriate sanction. *See Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080, 1091–92 (3d Cir. 1988) (noting that the "courts retain discretion to tailor the sanction to the violation"). Defendant seeks all reasonable expenses associated with opposing Plaintiff's Motion but provides no documentation to substantiate what that amount might be. Keeping in mind that a Rule 11 sanction

should only be the "minimum that will serve to adequately deter the undesirable behavior," *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. Of Pa.*, 103 F.3d 294, 301 (3d Cir. 1996), Defendant shall submit an affidavit detailing its costs incurred in defending against Plaintiff's Motion, at which point this Court will make a determination as to the appropriate sanction amount to impose against Plaintiff's counsel. *See e.g., Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987) ("The Rule authorizes 'reasonable' fees, based on what is fair and reasonable in the particular circumstances-not necessarily actual fees."); *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988) ("Where a district court decides to award a monetary sanction, such as attorney's fees, the total amount of such a sanction . . . should be guided by equitable considerations."); Fed. R. Civ. P. 11(5)(A) ("The court must not impose a monetary sanction. . . against a represented party for violating Rule 11(b)(2).").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Alter Judgment is **DENIED** and Plaintiff's Motion for Rule 11 Sanctions is **GRANTED**. An appropriate order follows.

                                              */s/ Susan D. Wigenton*
                                           **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Leda D. Wettre, U.S.M.J.
          Parties