**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YULEX BARKER,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC. and JOHN DOE(S) 1-5,<br><br>      Defendant. | Civil Action No. 23-3065 (SDW) (LDW)<br><br>**WHEREAS OPINION AND ORDER**<br><br>April 24, 2025 |

**WIGENTON**, District Judge.

      **THIS MATTER** having come before this Court upon Defendant United Airlines, Inc.'s ("Defendant") motion for sanctions pursuant to Federal Rule of Civil Procedure 11, and this Court having previously granted the motion and reserved decision on the amount, this Court now issues the following Opinion and Order.

      **WHEREAS**, in its decision (D.E. 62–63) granting Defendant's motion, this Court deferred setting a specific sanctions amount because the record before it did not reflect the costs Defendant incurred in responding to Plaintiff's motion and ordered Defendant to submit such documentation; and

      **WHEREAS** Defendant subsequently filed an affidavit (D.E. 64) attesting to its total costs in opposing the motion to alter or amend judgment and to file its motion for sanctions; and

      **WHEREAS**, Plaintiff's counsel filed a response (D.E. 70) at this Court's request (D.E. 66) which contends that no sanctions amount should be issued while his client's appeal is pending; and

**WHEREAS**, this Court finds no reason to withhold ruling on the amount of sanctions pending appeal, as the award merely enforces the Court's prior order and does not interfere with appellate jurisdiction, but finds that it is appropriate to defer payment until the appeal is resolved; and

**WHEREAS**, although Defendant's costs were substantial and not unreasonable, Rule 11 sanctions are not intended to fully compensate the opposing party, but to deter baseless filings and litigation abuse, and the amount to be awarded is within the Court's discretion, *see Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194–95 (3d Cir. 1988); and

**WHEREAS**, this Court exercises its discretion to limit the award to $2,500 as a reasonable and proportional sanction; therefore

**IT IS**, on this 24th day of April 2025,

**ORDERED** that Plaintiff's counsel shall pay $2,500 to Defendant as a sanction under Rule 11; and it is further

**ORDERED** that payment shall not be due until final resolution of Plaintiff's appeal.

**SO ORDERED.**

                                                       */s/ Susan D. Wigenton*
                                                  **United States District Judge**

Orig:  Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.